# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NORMA S. WAGONER,<br><br>                    Plaintiff,<br>          vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A.; BANK OF NEW YORK MELLON *formerly known as* BANK OF NEW YORK, *as Trustee for the* CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-IM2; FIDELITY NATIONAL DEFAULT SOLUTIONS; LSI TITLE AGENCY, INC.; BANK OF AMERICA, N.A.; and DOES I through X and ROE Corporations I through X,<br><br>                    Defendants. | Case No.: 2:11-cv-01922-GMN-PAL<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of Plaintiff Norma S. Wagoner.  Originally filed in state court and removed to this Court, Plaintiff's Complaint alleges causes of action against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); ReconTrust Company, N.A. ("ReconTrust"); Bank of New York Mellon *formerly known as* The Bank of New York, as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2005-IM2 ("Bank of New York"); Fidelity National Default Solutions ("Fidelity National"); LSI Title Agency, Inc. ("LSI Title"); and Bank of America, N.A. ("Bank of America") (collectively, "Defendants"). (Pet. for Removal, ECF No. 1; Compl., ECF No. 1-1.)

Currently before the Court is the Motion to Dismiss (ECF No. 16) filed by Defendant LSI Title and the Joinder (ECF No. 25) filed by Defendant Fidelity National.  Plaintiff filed a

Response (ECF No. 17), and Defendant LSI Title filed a Reply (ECF No. 18).

## I.   **BACKGROUND**

Plaintiff originally filed her Complaint (ECF No. 1-1) in state court on November 9, 2011, and it was removed to this Court on December 1, 2011 (ECF No. 1).  Plaintiff's causes of action relate to the deed of trust and mortgage loan associated with the property located at 437 Riverton Road, Henderson, Nevada, 89015, APN #179-20-817-035: ("the property").

Plaintiff alleges that "Defendants are not the holders of the Promissory Note ("Note") or entitled to payment or enforcement of the Note" (Compl., 2:¶12), and alleges six causes of action:  (1) Fraud; (2) Wrongful Foreclosure; (3) Violation(s) of Chapter 107; (4) Unjust Enrichment/Promissory Estoppel; (5) Interference with Contractual Relationship; and (6) Slander of Title.  As relief, Plaintiff requests a declaratory judgment pursuant to section 30.040 of Nevada Revised Statutes to determine her rights and obligations under the Note, Deed of Trust and other recorded documents, as well as injunctive relief.

In her Complaint, Plaintiff refers to a series of publicly recorded documents relating to the property, including a Deed of Trust, Notice of Default[1], Substitution of Trustee, Notice of Trustee's Sale, Corporation Assignment of Deed of Trust Nevada, Notice of Trustee's Sale, and Substitution of Trustee Nevada. (Compl., 7:¶33.)

***Deed of Trust.*** The Deed of Trust was recorded June 19, 2005, and named First Mortgage Corporation as the Lender, Hacienda Service Corporation as the Trustee, and MERS as beneficiary solely as nominee for the Lender, its successors and assigns. (Ex. 1 to Compl.)

***Notice of Default***. On February 27, 2009, a Notice of Default and Election to Sell under the Deed of Trust ("2009 Notice of Default") was signed by "Gary Trafford" on behalf of LSI

---

[1] Upon removal, Defendants appear to have provided the Court with an incomplete copy of the Complaint, which lacks certain exhibits and exhibit cover sheets. (*See* Pet. for Removal, ECF No. 1.)  However, a copy of the Notice of Default was attached to Plaintiff's "Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction" filed before the state court. (See Notice of Default, ECF No. 1-2.)

Title "as agent," and recorded by Fidelity National as agent for ReconTrust, "as agent for the Beneficiary". (Ex. 2 to App., ECF No. 1-2; *see also* Ex. 3 to Mot. to Dismiss, ECF No. 16-3.)

*Substitution of Trustee (2009)*.  On March 3, 2009, MERS named ReconTrust as Trustee and signed a Substitution of Trustee ("2009 Substitution of Trustee") that it recorded March 5, 2009. (Ex. 2 to Mot. to Dismiss.)

*Notice of Trustee's Sale (2009)*.  On June 3, 2009, ReconTrust recorded a Notice of Trustee's Sale ("2009 Notice of Trustee's Sale") under the Deed of Trust, stating the unpaid balance as $217,656.61. (Ex. 2 to Compl.)

*Assignment*.  On August 10, 2011, Bank of New York was named beneficiary and transferred the beneficial interest under the Deed of Trust, in a "Corporation Assignment of Deed of Trust Nevada" ("Assignment"), signed by MERS and recorded on August 16, 2011, by LSI Title. (Assignment, Ex. 3 to Compl.)

*Substitution of Trustee (2011)*.  On October 27, 2011, Bank of New York named ReconTrust as Trustee and signed a Substitution of Trustee ("2011 Substitution of Trustee") that was recorded October 31, 2011, by LSI Title. (Ex. 5 to Compl.)

*Notice of Trustee's Sale (2011)*.  On October 31, 2011, ReconTrust recorded a Notice of Trustee's Sale ("2011 Notice of Trustee's Sale") under the Deed of Trust, stating the unpaid balance as $212,248.46. (Ex. 4 to Compl.)[2]

*Rescission of Notice of Default*.[3]  On November 16, 2011, one week after Plaintiff filed her instant Complaint in state court, the 2009 Notice of Default was rescinded in a "Rescission of Election to Declare Default" ("Rescission") signed by ReconTrust as Trustee and recorded by

---

[2] Referring to the 2011 Notice of Trustee's Sale, Plaintiff alleges that a sale was scheduled for the property on November 16, 2011 (Compl., 7:¶34), however the parties later stipulated to postpone it (see December 2, 2011, Order on stipulation, ECF No. 8).

[3] The Rescission and the 2009 Substitution of Trustee were not provided to the Court in the removal documents, as noted above; however the Court takes judicial notice of these documents as publicly recorded documents whose contents are alleged in Plaintiff's Complaint.

LSI Title on November 17, 2011. (Rescission, Ex. 6 to Mot. to Dismiss.)

This action was removed to this Court by LSI Title on December 1, 2011. (Petition for Rem., ECF. No. 1.)  Defendants MERS, ReconTrust, Bank of New York, and Bank of America consented to removal on December 2, 2011, but have not filed an Answer or other responsive pleading. (*See* Notice of Consent, ECF No. 5.)  Defendant Fidelity National filed its consent on June 29, 2012. (Notice of Consent, ECF No. 23.)

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

As discussed below, the Court finds that Plaintiff's Complaint fails to satisfy the Rule 12(b)(6) and *Iqbal/Twombly* pleading standards, and must therefore be dismissed.  However, because some of Plaintiff's claims appear to be easily cured, and it is not clear that the deficiencies in the remaining claims cannot be cured by amendment; the Court will give Plaintiff leave to amend.

/ / /

1        **1.    Fraud.**

2        Plaintiff's first cause of action for fraud alleges false representations of material fact by

3  MERS in recording the Assignment and the two Substitutions of Trustee without authorization.

4  (Compl., 7:¶36.)  Plaintiff also alleges false representations of material fact by ReconTrust in

5  recording the 2011 Notice of Trustee's Sale. (Compl., 8:¶38.)

6        In Nevada, to state a claim for fraud or intentional misrepresentation, a plaintiff must

7  allege three factors: (1) a false representation by the defendant that is made with either

8  knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce

9  another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d

10  420, 426 (Nev. 2007).  A claim of "fraud or mistake" must be alleged "with particularity." Fed.

11  R. Civ. P. 9(b).  A complaint alleging fraud or mistake must include allegations of the time,

12  place, and specific content of the alleged false representations and the identities of the parties

13  involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not

14  allow a complaint to merely lump multiple defendants together but requires plaintiffs to

15  differentiate their allegations when suing more than one defendant and inform each defendant

16  separately of the allegations surrounding his alleged participation in the fraud." *Id*.

17        Here, the Court finds that Plaintiff's allegations as to MERS and ReconTrust are

18  incomplete as they do not include an allegation that these statements were made with a

19  knowledge or belief that they were false, or made without sufficient foundation.  Furthermore, it

20  is not clear from the documents presented to the Court that MERS and ReconTrust were

21  involved in each of the recordings referenced by Plaintiff.  The Court also finds that Plaintiff's

22  allegations that the representations were made "with the intention of influencing the conduct of

23  Plaintiff and the Court," and that Plaintiff was damaged, are insufficient to satisfy the

24  particularity requirement of Rule 9(b).  Accordingly, this cause of action must be dismissed.

25  / / /

2.     **Wrongful Foreclosure.**

In Plaintiff's second cause of action she alleges that "[t]hese foreclosing Defendants exercised a power of sale on Plaintiff's property," at which time "there was no breach of condition or failure of performance existing on Plaintiff's part that would have authorized these foreclosing Defendants [sic] exercise of the power of sale." (Compl., 8-9:¶45-46.)  In the next paragraph of her Complaint, Plaintiff states that "[a]s a direct and proximate result of Defendants' conduct, these foreclosing Defendants should be enjoined from conducting the trustee's sale." (Compl., 9:¶47.)

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

Here, the Court finds that there has been no exercise of the power of sale, as shown by Plaintiff herself in her allegations within the Complaint.  Accordingly, this cause of action must be dismissed.

3.     **Violations of Chapter 107.**

In Plaintiff's third cause of action, Plaintiff does not specify violations by individual Defendants, and instead alleges that Defendants violated sections 107.080 and 107.085 of Nevada Revised Statutes, and that "[a]s a direct and proximate result of Defendants' violation of Chapter 107, Defendants should be enjoined from conducting the trustee's sale." (Compl., 9:¶56.)  Plaintiff alleges that "Defendants are neither the beneficiary, the successor in interest of the beneficiary or the trustee, such that the Defendants are not authorized to conduct the non-judicial foreclosure." (Compl., 9:¶50.)

Here, the Court finds that the publicly recorded documents provided to the Court

contradict Plaintiff's allegations as to all of the Defendants, particularly because the Notice of Default was rescinded, as discussed above, and no foreclosure proceedings appear to be currently pending against the property.  Finally, Plaintiff does not state the basis on which she is authorized to bring a cause of action for the violations alleged here.  Accordingly, this cause of action must be dismissed.

### 4. Unjust Enrichment / Promissory Estoppel.

Plaintiff's fourth cause of action alleges that she "did not have an express contract with" Defendants MERS, ReconTrust, Bank of New York, Fidelity National, Bank of America, or LSI Title, and that these Defendants "unjustly enriched them [sic] to the detriment of Plaintiff by causing Defendants to receive monetary payment to which Defendants were not entitled because Defendants were not Note Holders entitled to payment." (Compl., 9:¶58 – 10:¶59.)  Plaintiff alleges that "all payments made to these Defendants servicing the Plaintiff's loan are not due to these Defendants who are making demands for collection." (Compl., 10:¶59.)  Finally, Plaintiff alleges that these Defendants, "who serviced the Plaintiff's loan, did not fund the loan, did not loan any money to Plaintiff, and are not the holders in due course of the Plaintiff's Note, are not agents authorized to act for the note holders, and have no lawful right to foreclose upon Plaintiff's home." (Compl., 10:¶61.)  Plaintiff accordingly requests that these Defendants "should be ordered to return all funds obtained as a result of its [sic] wrongful conduct." (Compl., 10:¶62.)

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus, the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or

should pay for]." *Id*.

Promissory estoppel is a substitute for consideration when consideration is lacking. *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989).  To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his detriment on the conduct of the party to be estopped. *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984).

Here, the Court finds that the publicly recorded documents presented to the Court contradict Plaintiff's allegations that these Defendants were not acting pursuant to an express agreement, namely the Deed of Trust, and any subsequent and valid Assignment or Substitution of Trustee.  Furthermore, Plaintiff fails to allege sufficient facts to support her allegations that Defendants received any payments from her, or that such payments were made pursuant to any demands for collection.  Finally, the Court finds that Plaintiff has failed to allege promissory estoppel in that she has not alleged that Defendants were apprised of the true facts, intended that their conduct should be acted upon, and that Plaintiff relied to her detriment on Defendants' conduct.  Accordingly, for these reasons this cause of action must be dismissed.

### 5. Interference with Contractual Relationship.

In Plaintiff's fifth cause of action, Plaintiff alleges that "there exists a valid contract between Plaintiff and First Mortgage Corporation," that Defendants MERS, ReconTrust, Fidelity National, Bank of America, "or LSI [Title] knew of the existence" of this contract, and that these Defendants "committed intentional acts intended to or designed to disrupt Plaintiff's contractual relationship with First Mortgage Corporation." (Compl., 10:¶¶64-66.)  Specifically, Plaintiff alleges violations where "Defendant MERS purported to transfer or assign First Mortgage Corporation's interest in the Note, and Defendant Recontrust attempts to foreclose on

First Mortgage Corporation's interest in the Deed of Trust as lender and actual beneficiary," and "executed and caused to be recorded documents in furtherance of a nonjudicial foreclosure which none of Defendants are entitled to conduct." (Compl., 10:¶66.)

To state a claim for interference with a contractual relationship, Plaintiff must allege that: (1) there existed a valid contract between Plaintiff and a third party; (2) Defendants knew of the contract; (3) Defendants committed intentional acts intended or designated to disrupt the contractual relationship; (4) there was an actual disruption of the contract; and (5) Plaintiff sustained damages as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 109 Nev. 1043, 862 P.2d 1207 (Nev. 1993).

Here, the Court finds that Plaintiff has satisfactorily alleged a valid contract between herself and third party First Mortgage Corporation as Lender pursuant to the Deed of Trust, and that Defendants MERS, ReconTrust, Fidelity National, Bank of America, "or" LSI Title knew of the existence of the Deed of Trust, and that they committed intentional acts intended to or designed to disrupt this contractual relationship.  However, the Court finds that Plaintiff has not sufficiently alleged that there was an actual disruption of the contract and resulting damages. Plaintiff must allege facts showing that MERS' "purported . . . transfer or assign[ment of] First Mortgage Corporation's interest in the Note," and Defendant ReconTrust's attempts to foreclose actually disrupted the contractual relationship, resulting in damages to herself.  Accordingly, this cause of action must be dismissed.

### 6.    Slander of Title.

In Plaintiff's sixth cause of action, Plaintiff alleges that Defendants ReconTrust, Fidelity National, and LSI Title recorded the Notice of Default "without authority, legal or actual." (Compl., 11:¶70.)  Specifically, Plaintiff alleges that these Defendants "knew or acted in reckless disregard of the trust or falsity of the statements in the Notice of Default, in that from

/ / /

the face of the Notice of Default, it is statutorily defective because it does[4] describe Plaintiff's alleged failure in performance." (Compl., 11:¶71.)  Also, Plaintiff alleges that these Defendants "knew or acted in reckless disregard of the truth or falsity of the statement in the Notice of Default that Recontrust was 'duly appointed Trustee under [the] Deed of Trust.'" (Compl., 11:¶72.)  Finally, Plaintiff alleges that these Defendants "knew that it [sic] did not have any grounds to believe that Plaintiff owed them any money on the Note nor do Defendants know who the actual investors on the Note and Deed of Trust for the Plaintiff are or how much is owed or how much has been discharged on that Note or whether pursuant to another action, the Note has been paid in part or discharged in whole." (Compl., 11:¶73.)  Plaintiff alleges that accordingly, "the Notice of Default constitutes a false and malicious communication" that "disparaged Plaintiff's title to her home." (Compl., 11:¶¶74-75.)

In Nevada, to state a claim for slander of title, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." *Exec. Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the Court finds that Plaintiff has sufficiently stated a claim for the elements described above where she has alleged violations relating to the statements in the Notice of Default that the named Defendants were authorized to file the Notice of Default.  However, her conclusory allegation that this action "caused special damages" is insufficient where such damages are solely described as "including but not limited to attorneys [sic] fees."  Plaintiff must specifically allege facts supporting her claim of suffering special damages.  Accordingly, this cause of action must be dismissed.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 16) is **GRANTED**.

---

[4] Here, the Court allows that the statement "does describe" may have been intended by Plaintiff to say "does <u>not</u> describe."

1   Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff is given leave to file an

2   amended complaint, curing the deficiencies described in this Order, by **Thursday, April 25,**

3   **2013**.  **Failure to do so by this deadline will result in dismissal of this action with prejudice.**

4       **DATED** this 27th day of March, 2013.

5

6

7   _____

    Gloria M. Navarro

8   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25